UNITED STATES BANKRUPTCY COURT　　　　　Chapter 7
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X　Case No. 12-73024 (reg)
In re

    JEFFREY ST. CLAIR and CATHLEEN ST. CLAIR,　　**AFFIRMATION IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER FOR RULE 2004 EXAMINATION**

                                           Debtors.
-----------------------------------------------------------------------X

        STEPHEN VLOCK, an attorney duly admitted to practice before this Court, under the penalties of perjury, affirms the truth of the following:

        1.     I am a member of the firm of VLOCK & ASSOCIATES, P.C., attorneys for CADLES OF GRASSY MEADOWS II, L.L.C. ("Cadles"), a creditor herein.

        2.     I am fully familiar with the facts and circumstances stated herein.

        3.     I make this affirmation in support of Cadles' *ex parte* application for an order requiring the Debtors to appear for examination and to produce documents pursuant to Rule 2004.

        4.     On or about May 11, 2012, the Debtors filed a voluntary petition for relief under chapter 7, title 11 of the United States Code (the "Bankruptcy Code").

        5.     Upon information and belief, Richard L. Stern has been appointed as the Chapter 7 Trustee in this case.

        6.     Cadles is a creditor of the Debtor.

        7.     Bankruptcy Rule 2004(a) states that: "On motion of any party in interest the Court may order the examination of any person." The scope of examinations under Rule 2004(b) may include, among other things, any matter that may relate to the property and assets of the

estate, the financial condition of the debtor, any matter that may affect the debtor's right to a discharge, and any matter which may affect the administration of the estate.

8. The scope of examinations under Bankruptcy Rule 2004 is very broad, and is commonly recognized as more in the nature of a "fishing expedition." In re Corso, 328 B.R. 375, 383 (E.D.N.Y. 2005); In re Hughes, 281 B.R. 224, 226 (S.D.N.Y. 2002); In re Balakis, 199 B.R. 443, 447 (E.D.NY. 1996).

9. The purpose of a Rule 2004 examination is to assist the investigator in revealing the nature and extent of the estate and to discover assets of the debtor that may have been intentionally or unintentionally concealed. In re Bennet Funding Group, Inc., 203 B.R. 24, 27-28 (N.D.N.Y 1996).

10. "Rule 2004 has been termed the basic discovery device used in bankruptcy cases, permitting the examination of any party without the requirement of a pending adversary proceeding or contested matter....Its obvious purposes are the discovery of assets of the estate and the exposure of fraudulent conduct." In re Symington, 209 B.R. 678, 683-84 (Bankr. D. Md. 1997).

11. The examinations of the Debtors are necessary in order to discover assets belonging to the Debtors' estate, and whether the petition is true and accurate.

12. No party's rights will be prejudiced in any way by the Court's granting of this application. This motion is made *ex parte* as provided in the Advisory Committee Notes to Federal Bankruptcy Rule 2004 which provide that "The motion may be heard ex parte….").

13. It is also respectfully requested that the Court waive the submission of a memorandum of law as part of this application, as the issues involved herein are neither novel nor complex.

WHEREFORE, it is respectfully requested that this Court grant the instant application in its entirety, together with such other and further relief as the Court deems just and proper under the circumstances.

Dated:  New York, New York
        June 25, 2012

                                        _____s/Stephen Vlock_____
                                        STEPHEN VLOCK