| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | Chapter 7 |

-------------------------------------------------------------------------X   Case No. 12-73024 (reg)

In re

    JEFFREY ST. CLAIR and CATHLEEN ST. CLAIR,

                                            Debtors.

-------------------------------------------------------------------------X

## NOTICE OF MOTION TO DISMISS CASE UPON DEBTORS' FAILURE TO COMPLY WITH ORDER DIRECTING RULE 2004 EXAMINATIONS, OR IN THE ALTERNATIVE COMPELLING DEBTORS TO APPEAR FOR RULE 2004 EXAMINATIONS

    PLEASE TAKE NOTICE, that upon the annexed affirmation of Stephen Vlock, Esq., dated September 11, 2012, on behalf of CADLES OF GRASSY MEADOWS II, L.L.C., a creditor herein, and the exhibits annexed hereto, the undersigned will move before the Honorable Robert E. Grossman, United States Bankruptcy Judge, at the courthouse located at 290 Federal Plaza, Central Islip, New York 11722, Room 860, on October 15, 2012 at 9:30 A.M. or as soon thereafter as counsel may be heard, for an Order:

    a. Pursuant to 11 U.S.C. § 707, dismissing this case upon the Debtors' willful refusal to comply with this Court's Order directing the Debtors to appear for examinations and produce documents pursuant to Rule 2004;

    b. In the alternative, entering a conditional order of dismissal in the event that the Debtors do not appear for examination and produce documents by a date certain;

    c. In the alternative, pursuant to Rule 2005, directing the United States Marshal to take the Debtors into custody to enforce this Court's Order for examinations and document production by the Debtors;

    d. Issuing sanctions, attorneys' fees and costs pursuant against the Debtors upon their failure to comply with the Order of this Court dated June 26, 2012; and

    e.  For such other and further relief as the Court deems just and proper under the circumstances.

PLEASE TAKE FURTHER NOTICE, that responsive papers, if any, shall be served upon the undersigned, and filed with the Court, on or before October 9, 2012.

Dated:      New York, New York
               September 11, 2012

                                          VLOCK & ASSOCIATES, P.C.
                                          Attorneys for Cadles of Grassy Meadows II, L.L.C.
                                            380 Madison Avenue, 22nd Floor
                                            New York, New York 10017
                                            (212) 557-0020

                                            By: s/Stephen Vlock
                                            Stephen Vlock, Esq.

UNITED STATES BANKRUPTCY COURT　　　　　　　　Chapter 7
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X    Case No. 12-73024 (reg)
In re

   JEFFREY ST. CLAIR and CATHLEEN ST. CLAIR,

                                                          Debtors.
------------------------------------------------------------------------X

TO THE HONORABLE ROBERT E. GROSSMAN
UNITED STATES BANKRUPTCY JUDGE:

      STEPHEN VLOCK, an attorney duly admitted to practice before this Court, under the penalties of perjury, affirms the truth of the following:

    1.    I am a member of the firm of VLOCK & ASSOCIATES, P.C., attorneys for CADLES OF GRASSY MEADOWS II, L.L.C. ("Cadles"), a creditor herein.

    2.    I am fully familiar with the facts and circumstances stated herein.

    3.    I make this affirmation in support of Cadles' motion, which seeks an Order:

        a. Pursuant to 11 U.S.C. § 707, dismissing this case upon the Debtors' willful refusal to comply with this Court's Order directing the Debtors to appear for examinations and produce documents pursuant to Rule 2004;

        b. In the alternative, entering a conditional order of dismissal in the event that the Debtors do not appear for examination and produce documents by a date certain;

        c. In the alternative, pursuant to Rule 2005, directing the United States Marshal to take the Debtors into custody to enforce this Court's Order for examinations and document production by the Debtors;

        d. Issuing sanctions, attorneys' fees and costs pursuant against the Debtors upon their failure to comply with the Order of this Court dated June 26, 2012; and

        e. For such other and further relief as the Court deems just and proper under the circumstances.

4. On or about May 11, 2012, the Debtors filed a voluntary petition for relief under chapter 7, title 11 of the United States Code (the "Bankruptcy Code").

5. Upon information and belief, Richard L. Stern has been appointed as the Chapter 7 Trustee in this case.

**THIS CASE SHOULD BE DISMISSED UPON THE DEBTORS' FAILURE TO COMPLY WITH THIS COURT'S JUNE 26, 2012 ORDER, OR IN THE ALTERNATIVE THE DEBTORS SHOULD BE TAKEN INTO CUSTODY TO APPEAR FOR EXAMINATIONS AND DOCUMENT PRODUCTION PURSUANT TO RULE 2005**

6. On June 26, 2012, this Court issued an Order directing the Debtors to appear for examination and to produce documents pursuant to Rule 2004. The Order stated, *inter alia*:

> ORDERED, that the Debtors, JEFFREY ST. CLAIR and CATHLEEN ST. CLAIR, are directed to appear for examination and produce documents pursuant to Bankruptcy Rule 2004 of the Federal Rules of Bankruptcy Procedure at the offices of VLOCK & ASSOCIATES, P.C., 380 Madison Avenue, 22nd Floor, New York, New York 10017, at a time specified by movant's attorneys upon twenty days' notice to Debtors and Debtors' counsel by service of a copy of the Order and a subpoena by certified mail.

A copy of this Court's Order dated June 26, 2012 is annexed hereto as Exhibit "A."

7. Your affiant scheduled the document production of the Debtors for July 23, 2012, and the depositions of the Debtors for August 6 and 7, respectively. On July 18, 2012, I received a call from the office of Debtors' counsel, Narissa Joseph, Esq., requesting an adjournment of the depositions of the Debtors for one week because Ms. Joseph was scheduled to be on vacation. We agreed to adjourn the depositions of the Debtors to August 13 and 14, respectively. I prepared a Stipulation and emailed it to Ms. Joseph the same day. A copy of my email sent on July 18, 2012 is annexed hereto as Exhibit "B."

8. However, thereafter Ms. Joseph failed to sign the Stipulation, even though she was the one who requested and agreed to the adjournment. I called her office and spoke with her receptionist Tasha, who said she would leave a message for Ms. Joseph to call me. Yet, she did not return my call, or respond to 2 other emails which I sent to her requesting a response.

9. Your affiant thereafter realized that Ms. Joseph was most likely not responding because we had not included a subpoena but instead served notices regarding the examinations. Thus, instead of informing your affiant of the oversight, it appears Ms. Joseph resorted to the discourtesy of refusing to respond to telephone calls and emails.

10. Accordingly, when your affiant noticed the oversight, we immediately renoticed the document production and depositions of the Debtors pursuant to Subpoenas dated August 6, 2012. Copies of the Subpoenas are annexed hereto collectively as Exhibit "C."

11. The Subpoenas required both Debtors to produce documents to my office on September 4, 2012. However, the Debtors both failed to produce any documents. Therefore, the next day, on September 5, 2012, your affiant emailed a letter to Ms. Joseph requesting that she produce the documents by September 7, 2012. Ms. Joseph failed to respond in any way to the request. A copy of my letter dated September 5, 2012 is annexed hereto as Exhibit "D."

12. Based on the Debtors' failures to comply with this Court's Order and with the Subpoenas, and their counsel's repeated failure to respond to any of your affiant's phone calls, emails and letters, it is respectfully submitted that this case should be dismissed. It is clear from the Debtors' continuing refusal to comply that they have no intention of complying with this Court's Order, and therefore the case should be dismissed.

13. In the alternative, in the event that the Debtors indicate a willingness to comply, the Court should issue a conditional Order dismissing the case unless the Debtors produce documents and appear for examinations on dates certain.

14. In the alternative, the Court should issue an Order for the apprehension of both Debtors, to bring them before the Court to produce documents and to be examined. FRBP Rule 2005 provides that in the event that a debtor fails to comply with an Order directing examination pursuant to Rule 2004, the Court may order that the debtor be apprehended and brought before the Court so as to enforce the Court's order pursuant to Rule 2004. Rule 2005 states, *inter alia*:

> Apprehension and Removal of Debtor to Compel Attendance for Examination
>
> (a) Order to compel attendance for examination.
> On motion of any party in interest supported by an affidavit alleging (1) that the examination of the debtor is necessary for the proper administration of the estate and that there is reasonable cause to believe that the debtor is about to leave or has left the debtor's residence or principal place of business to avoid examination, or (2) that the debtor has evaded service of a subpoena or of an order to attend for examination, or (3) that the debtor has willfully disobeyed a subpoena or order to attend for examination, duly served, the court may issue to the marshal, or some other officer authorized by law, an order directing the officer to bring the debtor before the court without unnecessary delay. If, after hearing, the court finds the allegations to be true, the court shall thereupon cause the debtor to be examined forthwith. If necessary, the court shall fix conditions for further examination and for the debtor's obedience to all orders made in reference thereto.

15. In this case, the Debtors have willfully disobeyed this Court's Order for Rule 2004 Examination, as well as the Subpoenas issued in accordance with the Order. As demonstrated above, when the Debtors failed to comply, several requests were made to the Debtors' counsel to attempt to obtain compliance with the Court's Order, but to no avail. Indeed, no response was made to any of the requests to obtain good faith compliance.

16.     Accordingly, pursuant to FRBP Rule 2005, this Court should issue an Order for the apprehension of both Debtors, to bring them before the Court to produce documents and to be examined.

### THE COURT SHOULD AWARD ATTORNEYS' FEES AND COSTS TO CADLES TO COMPENSATE FOR THE EXPENSE OF THE INSTANT MOTION

17.     Where a witness is required to appear for examination pursuant to Rule 2004 and refuses to comply, the Court can reimburse the party seeking the examination for attorneys' fees and costs. In re Continuum Care Services, Inc., 375 B.R. 692 (S.D. Fl. 2007)(Refusal of witness to be examined pursuant to Rule 2004 resulted in apprehension of witness pursuant to Rule 2005, as well as reimbursement of costs incurred by counsel in preparing for and attending the aborted Rule 2004 examination and in bringing the motions for relief upon failure to comply with the court's orders); In re McCaulley, 218 B.R. 866 (N.D. Oh. 1998)(Attorneys' fees awarded for refusal to submit to Rule 2004 examination).

18.     In this case, Cadles has sustained costs and attorneys' fees for being forced to proceed by the instant Motion, because the Debtors have refused to comply with the Court's Order. We estimate approximately six (6) hours of time spent for: legal research in preparation for this motion, the drafting and filing of the instant motion, the future court appearance on the Motion, and the preparation and submission of an Order thereafter.

19.     Accordingly, we respectfully request that the Court award attorneys' fees and costs to Cadles, in the total amount to be determined at the time of the hearing of this Motion.

WHEREFORE, it is respectfully requested that this Court grant the instant application in its entirety, together with such other and further relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
September 11, 2012

                                                            s/Stephen Vlock
                                                           STEPHEN VLOCK

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on September 11, 2012, I caused a copy of the within NOTICE OF MOTION TO DISMISS CASE UPON DEBTORS' FAILURE TO COMPLY WITH ORDER DIRECTING RULE 2004 EXAMINATIONS, OR IN THE ALTERNATIVE COMPELLING DEBTORS TO APPEAR FOR RULE 2004 EXAMINATIONS and supporting papers, to be served by mail and/or ECF upon:

Narissa A. Joseph, Esq.
277 Broadway, Suite 501
New York, New York 10007
(212) 233-3060

Jeffrey St. Clair
3001 Ann Street
Baldwin, New York 11510

Cathleen St. Clair
3001 Ann Street
Baldwin, New York 11510

Richard L. Stern, Esq,
Macco & Stern, LLP
135 Pinelawn Road
Suite 120 South
Melville, New York 11747

United States Trustee
271 Cadman Plaza East, Suite 4529
Brooklyn, New York 11201

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:   New York, New York
         September 11, 2012

                                        s/Stephen Vlock
                                        STEPHEN VLOCK